# 𝔘nited 𝔖tates 𝔠ourt of 𝔄ppeals
# 𝔉or the 𝔖econd 𝔠ircuit

August Term 2022

Argued:  November 14, 2022
Decided:  November 29, 2022

No. 22-795

PUBLIUS PUBLICOLA,

*Plaintiff-Appellant,*

*v.*

JOHN LOMENZO, TOWN OF PENFIELD, JOSEPH VALENTINO, DOUGLAS RANDALL, DESTINI BOWMAN, KAREN BAILEY TURNER, CRAIG DORAN, WILLIAM HOOKS, CARA BROUSSEAU, NEW YORK STATE LAW REPORTING BUREAU, SHAWN KERBY, NANCY BARRY,

*Defendants-Appellees.*[*]

Appeal from the United States District Court
for the Northern District of New York
No. 21-cv-1303, David N. Hurd, *Judge.*

Before:       SACK, SULLIVAN, and LEE, *Circuit Judges.*

Appellant, proceeding pro se and under the pseudonym "Publius Publicola," appeals from the district court's judgment (1) denying his motion to

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

proceed under a pseudonym and (2) dismissing his claims under 42 U.S.C. § 1983 against various state and municipal officials and agencies for actions they took in response to his efforts to seal records pertaining to criminal cases from his youth. In this appeal, Appellant has signed his briefs and other submissions to the Court using a pseudonym, without either obtaining the Court's authorization to do so or clearly disclosing his identity to the Court. After the Court ordered him to refile his briefs under his real name, with leave to request filing under seal should circumstances justify the filing of a redacted version on the public docket, Appellant submitted a letter indicating his refusal to comply with the Court's order.

In light of Appellant's letter, we are tasked primarily with deciding (1) whether a litigant may comply with Federal Rule of Appellate Procedure 32(d) – which requires that "[e]very brief, motion, or other paper filed with the [C]ourt [of Appeals] must be signed by the party filing the paper" – by signing his submissions under a pseudonym; and (2) whether a pro se appellant's failure to comply with that requirement warrants dismissal of his appeal. We conclude that, because papers signed under a pseudonym cannot adequately "ensure[] that a *readily identifiable* attorney or party takes responsibility for every paper," Fed. R. App. P. 32(d), Advisory Comm. note to 2002 amend. (emphasis added), they do not satisfy Rule 32(d). We further conclude that under Rule 3(a)(2) and our precedents emphasizing the obligation of pro se litigants to comply with Court orders, dismissal is warranted here.

As a result, we **DISMISS** the appeal.

APPEAL DISMISSED.

> Publius Publicola, pro se, Jersey City, NJ, *for Plaintiff-Appellant*.
>
> JAMES A. RESILA, Schwab & Gasparini, PLLC, Albany, NY, *for Defendants-Appellees* Lomenzo and Town of Penfield.

2

Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Alexandria Twinem, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY, *for Defendants-Appellees* Valentino, Randall, Bowman, Turner, Doran, Hooks, Brousseau, Kerby, Barry, and New York State Law Reporting Bureau.

PER CURIAM:

Appellant, proceeding pro se and under the pseudonym "Publius Publicola," appeals from the district court's judgment (1) denying his motion to proceed under a pseudonym and (2) dismissing his claims under 42 U.S.C. § 1983 against various state and municipal officials and agencies for actions they took in response to his efforts to seal records pertaining to criminal cases from his youth. In this appeal, Appellant has signed his briefs and other submissions to the Court using a pseudonym, without either obtaining the Court's authorization to do so or clearly disclosing his identity to the Court. After the Court ordered him to refile his briefs under his real name, with leave to request filing under seal should circumstances justify the filing of a redacted version on the public docket, Appellant submitted a letter indicating his refusal to comply with the Court's order.

3

In light of Appellant's letter, we are tasked primarily with deciding (1) whether a litigant may comply with Federal Rule of Appellate Procedure 32(d) – which requires that "[e]very brief, motion, or other paper filed with the [C]ourt [of Appeals] must be signed by the party filing the paper" – by signing his submissions under a pseudonym; and (2) whether a pro se appellant's failure to comply with that requirement warrants dismissal of his appeal. We conclude that, because papers signed under a pseudonym cannot adequately "ensure[] that a *readily identifiable* attorney or party takes responsibility for every paper," Fed. R. App. P. 32(d), Advisory Comm. note to 2002 amend. (emphasis added), they do not satisfy Rule 32(d). We further conclude that under Rule 3(a)(2) and our precedents emphasizing the obligation of pro se litigants to comply with Court orders, dismissal is warranted here.

As a result, we **DISMISS** the appeal.

## I. BACKGROUND

### A. Facts

Appellant was raised in the Town of Penfield, New York. As a youth, he was named in six cases in Penfield Town Court, involving traffic, criminal, and other unspecified violations. In 2015, Appellant – then an adult – submitted a request in Penfield Town Court for the records of these cases. After receiving the

4

records, he "became . . . concerned" that "some of the[se] cases were not properly sealed pursuant to [New York Criminal Procedure Law sections] 160.50 and 160.55." Suppl. App'x at 21. In 2017, he filed six motions in Penfield Town Court to seal each of the cases. On February 13, 2018, Penfield Town Justice John Lomenzo issued an order denying all six of Appellant's motions. Town Justice Lomenzo then sent a copy of that order, which included Appellant's full name, to the New York State Law Reporting Bureau (the "NYSLRB"), which accepted it for publication in the New York Miscellaneous Court Reports. The order was subsequently republished on Thomson Reuters Westlaw and other third-party legal databases.

In May 2018, Appellant contacted the NYSLRB to express his displeasure over the order's publication. The NYSLRB responded with a letter explaining that any request to remove the order from the Miscellaneous Reports and third-party legal databases would need to be made directly to the judge who issued it. About a week later, Appellant filed a new motion in Penfield Town Court, seeking to have the February 13, 2018 order "unpublish[ed]" and renewing his request that the underlying records be sealed. *Id.* at 41. Town Justice Lomenzo promptly denied this motion, whereupon Appellant appealed to the Monroe County Court.

5

Although Appellant states that he never received a copy of the appellate decision issued by the Monroe County Court, he nonetheless asserts that "it is obvious" – from the fact that "[Town Justice] Lomenzo's February 13, 2018 order continues to be published" – that the Monroe County Court's "purported [decision] did not grant the relief sought." *Id.* at 68. Likewise, in response to an anonymous request that Appellant made pursuant to New York's Freedom of Information Law, N.Y. Pub. Off. Law § 87 *et seq.*, the NYSLRB released copies of the February 13, 2018 order containing his full name, email address, and mailing address.

## B.   Proceedings Below

In December 2021, Appellant commenced this action under 42 U.S.C. § 1983 against the Town of Penfield, the NYSLRB, current and former judges of the Penfield Town Court and Monroe County Court, law clerks of the Monroe County Court, and officers and employees of the NYSLRB (collectively, the "Defendants"). Specifically, Appellant alleged that the Defendants had violated (and conspired to deprive him of) his First Amendment rights to free speech and to petition for redress of grievances, and his Fourteenth Amendment rights to due process and equal protection. Shortly after filing his complaint, Appellant also moved to proceed under a pseudonym. In April 2022, the district court issued an order (1) denying his motion to proceed under a pseudonym; and (2) dismissing all of

6

Appellant's claims both for failure to state a claim and as barred by the *Rooker-Feldman* doctrine, various immunity doctrines, and/or the applicable statutes of limitations.

Appellant timely appealed.

## C.    Prior Proceedings in this Court

In this Court, Appellant has filed his briefs, appendix, and other submissions under the pseudonym "Publius Publicola." On November 2, 2022, the Court issued an order directing Appellant to "refile his briefs under his real name," as required under Rule 32(d) of the Federal Rules of Appellate Procedure. Doc. No. 104 at 1. That order also provided that "[u]pon refiling, Appellant may seek permission from the Court to file compliant copies of his briefs under seal in order to preserve his anonymity." *Id.* On November 9, 2022, Appellant filed a letter stating that he "will not comply with [the Court's] order." Doc. No. 109 at 3.

## II.    STANDARD OF REVIEW

We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). But "while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including [those

proceeding] pro se[], have an obligation to comply with [this] [C]ourt['s] orders."

*McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).

## III. DISCUSSION

We must decide whether a pro se appellant's refusal to disclose his identity to the Court, as required under Rule 32(d) of the Federal Rules of Appellate Procedure, warrants dismissal of his appeal. We hold that it does.

Appellant has proceeded under the pseudonym "Publius Publicola" in this appeal, and has signed his briefs and other submissions to the Court using this pseudonym, without either obtaining the Court's authorization to do so or clearly disclosing his identity to the Court. In so doing, Appellant has violated the well-established requirement that court filings must disclose the identity of the filer. *See* Fed. R. App. P. 32(d) ("Every brief, motion, or other paper filed with the [C]ourt [of Appeals] must be signed by the party filing the paper or, if the party is represented, by one of the party's attorneys."); Fed. R. Civ. P. 11(a) (requiring same, for "[e]very pleading, written motion, and other paper" filed in district court); *see also* Fed. R. Civ. P. 10(a) (requiring that "the complaint must name all the parties").

8

"This requirement, though seemingly pedestrian, serves" several "vital purpose[s]." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008). For starters, it "facilitat[es] public scrutiny of judicial proceedings" and the public's "right to know who is using their courts." *Id.* at 188–89 (citation omitted). It also serves to "ensure[] that a readily identifiable attorney or party takes responsibility for every paper," thus enabling the Court to exercise its "authority to sanction attorneys and parties who file papers that contain misleading or frivolous assertions." Fed. R. App. P. 32(d), Advisory Comm. note to 2002 amend. Moreover, the Court cannot fulfill its statutory obligations to check for conflicts of interest, *see* 28 U.S.C. §§ 144, 455, or to "give . . . preclusive effect to . . . state-court judgment[s]" in suits "between the same parties," *McDonald v. City of West Branch*, 466 U.S. 284, 287 & n.5 (1984) (citing 28 U.S.C. § 1738), without knowing the true "identity of [the] parties" at the outset of a case, *Taylor v. Sturgell*, 553 U.S. 880, 906 n.13 (2008) (citation omitted). "[T]herefore," the "general requirement of disclosure of the names of parties" cannot "be set aside lightly." *Sealed Plaintiff*, 537 F.3d at 189 (citation and alteration omitted).

Here, we have afforded Appellant the opportunity to cure his violation of this "general requirement," *id.* (citation omitted), by ordering him "to refile his

briefs under his real name within ten days of [our November 2, 2022] order," Doc. No. 104 at 1. Our order left open the possibility of Appellant making a motion for his refiled briefs to be maintained under seal, provided that he could overcome the presumption of open records. *See id.* ("Upon refiling, Appellant may seek permission from the Court to file compliant copies of his briefs under seal in order to preserve his anonymity."); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20, 124, 126 (2d Cir. 2006) (holding that the common-law and First Amendment presumptions of open records apply in civil cases; setting forth the standard under which such presumptions may be overcome). But Appellant has failed to avail himself of that opportunity, instead indicating in a November 9, 2022 letter that he "will not comply with [the Court's] order," which he attempts to characterize as "unlawful" on various grounds. Doc. No. 109 at 3. These attempts are unavailing.

First, Appellant argues that under Rule 12 of the Federal Rules of Appellate Procedure – which provides that "the [C]ircuit [C]lerk must docket the appeal under the title of the district-court action," *id.* at 1 (quoting Fed. R. App. P. 12(a)) (emphasis omitted) – we have "no legal basis to attempt to change the titling of [his] appeal," *id.* This argument overlooks the fact that Rule 12 *also* provides that

the Circuit Clerk "must identify the appellant, adding the appellant's name if necessary." Fed. R. App. P. 12(a). And in any event, nothing in our order required Appellant to "change the titling of [his] appeal" on the public docket or in the official case caption. Doc. No. 109 at 1. Instead, we merely ordered Appellant "to refile *his briefs* under his real name." Doc. No. 104 at 1 (emphasis added).

Appellant further contends that Rule 32(d) "is solely concerned with documents being *signed*" and that the Court has "absolutely no right to attempt to dictate *how* [he] sign[s] [his] name." Doc. No. 109 at 1 (first emphasis in original; second emphasis added). That assertion is plainly contradicted by the Advisory Committee Notes to Rule 32, which explain that "[b]y requiring a signature, subdivision (d)" is meant to "ensure[] that a *readily identifiable* attorney or party takes responsibility for every paper." Fed. R. App. P. 32(d), Advisory Comm. note to 2002 amend. (emphasis added). By signing his briefs under the fictitious name "Publius Publicola," *see* Publicola Br. at 72; Reply Br. at 38, Appellant has not made himself "readily identifiable" to the Court, Fed. R. App. P. 32(d), Advisory Comm. note to 2002 amend. He has therefore failed to comply with the requirements of Rule 32(d).

11

Next, Appellant points to our decision in *Sealed Plaintiff*, where we vacated a district court's order "dismissing [the] plaintiff's complaint sua sponte for failure to comply" with a prior order directing the plaintiff to "file an Amended Complaint in which she states her real name and not a pseudonym." 537 F.3d at 188, 193 (citation, alterations, and emphasis omitted). Appellant appears to read this decision as establishing an absolute right to proceed under a pseudonym. Again, he is mistaken. We emphasized in *Sealed Plaintiff* that "the general requirement of disclosure of the names of parties" is subject only to "a *limited* number of exceptions" and "cannot be set aside lightly." *Id*. at 189 (emphasis added; citation and alteration omitted). There, we vacated the district court's order only because that court "appear[ed] to have [erroneously] believed itself strictly bound by the requirement of [Federal] Rule [of Civil Procedure] 10(a) that the title of a complaint include the names of 'all the parties' and did not balance [the] plaintiff's interest in proceeding anonymously against the interests of [the] defendants and the public." *Id*. at 190–91 (footnote and internal citation omitted). Here, by contrast, we are fully aware of the "limited . . . exceptions to the general requirement of disclosure of the names of parties," and recognize that *if* Appellant had asked us for such an "exception[]" from Rule 32(d), we would then need to

12

"weigh[] [his] need for anonymity against countervailing interests in full disclosure." *Id.* at 189 (citation and alteration omitted). But Appellant has never made such a request in this Court.

Appellant argues that since the district court's "denial of [his] motion to proceed [in that court] under a pseudonym is appealable under the collateral order doctrine," Doc. No. 109 at 2 (citing *United States v. Pilcher*, 950 F.3d 39 (2d Cir. 2020)), it is "illogical that [he] would then need to file another motion in this Court for the same relief," *id.* at 2–3. But the relief that Appellant sought in his district-court motion was an exception from Federal Rules of Civil Procedure 10(a) and 17(a)(1). *See* J. App'x at 100 (citing Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .") & 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.")). Those rules "govern . . . civil actions and proceedings in the United States *district courts*." Fed. R. Civ. P. 1 (emphasis added). Obviously, that is not "the same relief" as an exception from Federal Rule of *Appellate* Procedure 32(d). Doc. No. 109 at 3.

Moreover, we reject Appellant's suggestion that it "would render this Court a trial court" in "violat[ion] of 28 U.S.C. § 1291" for us to "require [him] to file [a] motion" to proceed under a pseudonym "in this Court" during the pendency of

his appeal from the district court's denial of his motion to proceed under a pseudonym in *that* court. *Id.* Section 1291 is an affirmative *grant* of jurisdiction over "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. It is not a limitation on the "inherent power of the appellate court" to rule on motions presented to us in the first instance, *In re McKenzie*, 180 U.S. 536, 551 (1901), which is "part of [our] traditional equipment for the administration of justice," *Scripps-Howard Radio v. FCC*, 316 U.S. 4, 9–10 (1942); *see also* 28 U.S.C. § 1651(a) (providing that "*all* [federal] courts . . . may issue all writs necessary or appropriate in aid of their respective jurisdictions" (emphasis added)). Indeed, the Federal Rules of Appellate Procedure expressly contemplate litigants' moving the courts of appeals for relief during the pendency of their appeals from a district court's denial of similar relief. *See, e.g.*, Fed R. App. P. 8(a) (requiring that before "[a] motion . . . may be made to the [C]ourt of [A]ppeals" for a stay or injunction pending appeal, a "party must ordinarily move first in the district court for [such] relief").

Finally, Appellant points to *D.S. v. City of Peekskill*, 581 F. App'x 65 (2d Cir. 2014), as an example of a case in which "this Court did not require the Plaintiff-Appellant to disclose his real name and instead, he proceeded using initials," Doc. No. 109 at 2 (emphasis omitted). But *D.S.* is distinguishable from

14

this case in two critical respects.  First, while the litigant in *D.S.* "fil[ed] []his complaint under a pseudonym to preserve his anonymity in *publicly available court records*[,] . . . his identity [was] disclosed privately to . . . the Court and the defendants."  Joint Appendix at 10, *D.S.*, 581 F. App'x 65 (No. 14-864), ECF No. 33 (emphasis added).  Here, by contrast, Appellant has never disclosed his identity to this Court.  Second, the appellate briefs for the pseudonymous litigant in *D.S.* were signed under his attorney's full name.  *See* Brief for Plaintiff-Appellant at 59, *D.S.*, 581 F. App'x 65 (No. 14-864), ECF No. 34.  As such, they satisfied Rule 32(d)'s requirement "that a readily identifiable attorney or party takes responsibility for every paper [filed in this Court]."  Fed. R. App. P. 32(d), Advisory Comm. note to 2002 amend.  Here, as discussed above, Appellant has not satisfied that requirement.

In sum, Appellant has failed to establish any valid basis to contend that it was "unlawful," Doc. No. 109 at 3, for the Court to order him "to refile his briefs under his real name," Doc. No. 104 at 1.  As a result, we conclude that Appellant's refusal to comply with Rule 32(d) and the Court's November 2, 2022 order warrants the dismissal of his appeal.  *See* Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step [required by the Federal Rules of Appellate Procedure] . . .

is ground . . . for the [C]ourt of [A]ppeals to act as it considers appropriate, including dismissing the appeal."); *McDonald*, 850 F.2d at 124 ("[A]ll litigants, including [those proceeding] pro se[], have an obligation to comply with court orders. When they flout that obligation[,] they, like all litigants, must suffer the consequences," which may include "dismissal of [their] action."); *see also, e.g.*, *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 189 F.3d 461, 1999 WL 604444, at *1 (2d Cir. 1999) (table decision) ("Because appellant has refused to [comply with the Federal Rules of Appellate Procedure and] our . . . order, we exercise our discretion pursuant to Rule 3(a)(2) to dismiss his appeal."). Indeed, we find that under these circumstances – where Appellant's wholesale refusal to disclose his identity to the Court leaves us unable to fulfill our statutory obligations to apply preclusion doctrines and check for conflicts and recusals – anything short of dismissal would be inappropriate.

## IV. CONCLUSION

For the foregoing reasons, we **DISMISS** the appeal.

16